# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE INSURANCE EXCHANGE, an unincorporated association, by JOSEPH S. SULLIVAN and ANITA SULLIVAN, JENNA L. DeBORD, and PATRICIA R. BELTZ, <br><br> Plaintiff, <br><br> v. <br><br> ERIE INDEMNITY COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) 2: 12-cv-1205 ) ) ) ) ) ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Presently before the Court for disposition is the PETITION FOR REMAND, with brief in support, filed by Plaintiff, Erie Insurance Exchange (Document Nos. 11 and 12), the MEMORANDUM IN OPPOSITION filed by Defendant Erie Indemnity Company (Document No. 14), the REPLY BRIEF filed by Plaintiff (Document No. 17), and the SURREPLY IN OPPOSITION filed by Defendant (Document No. 21). After careful consideration of the submissions of the parties and the applicable case and statutory law, the Petition for Remand will be granted and this case will be remanded to the Court of Common Pleas of Fayette County.

### Background

Plaintiff, Erie Insurance Exchange ("Exchange") initiated this action on August 1, 2012, by the filing of a three-count Complaint in the Court of Common Pleas of Fayette County, Pennsylvania, against Defendant Erie Indemnity Company ("Erie Indemnity"). The original Complaint was filed on behalf of the Exchange pursuant to Pennsylvania Rule of Civil Procedure 2152, which authorizes members to bring an action on behalf of an unincorporated association as

1

trustees ad litem.[1]  The Complaint alleges state law claims for breach of contract, breach of fiduciary duty, and equitable relief.  Distilled to its essence, the Complaint alleges that Erie Indemnity, acting as a fiduciary and agent for the Exchange, misappropriated significant sums over a period of fifteen (15) years, involving service charges, late payments, and policy reinstatement fees.

On August 22, 2012, Erie Indemnity filed a Notice of Removal, in which it contends that removal is proper because the case is a "class action" and removable pursuant to the diversity principles of the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d).

Exchange filed the instant Petition for Remand in which it argues that this Court does not have subject matter jurisdiction under CAFA because this case is not a "class action" as defined under CAFA.  According to Exchange, "this case was brought under state law by the sole method to bring suit on behalf of an unincorporated association," Memo. at 6 and not "for an individual member's recovery."  Reply at 2.

Exchange is a reciprocal insurance exchange created pursuant to the Pennsylvania Insurance Code.  40 Pa. Cons. Stat. §§ 961-971.  The Code provides that "[i]ndividuals, partnerships, and corporations of this Commonwealth, hereby designated subscribers, are hereby authorized to exchange reciprocal or inter-insurance contracts with each other, or with individuals, partnerships, and corporations of other States and countries, providing indemnity among themselves from any loss which may be insured against any provision of the insurance laws excepting life insurance."  40 Pa. Cons. State. § 961.  Exchange currently has a total of more than two million subscribers in at least ten different states and the District of Columbia.

---

[1] The original complaint was captioned "Erie Insurance Exchange, an unincorporated association, by Joseph S. Sullivan and Anita Sullivan, Patricia R. Beltz, and Jenna L. DeBord, trustees ad litem, vs. Erie Indemnity Company."

2

The Code further provides that "[s]uch contracts may be executed by an attorney, agent or other representative, herein designated attorney, duly authorized and acting for such subscribers." 40 Pa. Cons. State. § 963.  Erie Indemnity is the attorney-in-fact for the subscribers of Exchange.

Although the caption of the Complaint does not include the designation "Class Action," and the Complaint does not contain a separate heading styled "Class Action Allegations,"[2] Erie Indemnity argues that this lawsuit "seeks to bring claims in a representative capacity on behalf of more than two million members of the Exchange, in a class action within the meaning of the Class Action Fairness Act." Notice of Removal, at ¶ 13.  Counsel for Exchange has steadfastly denied that this lawsuit is a class action and strenuously maintains that this lawsuit was brought only on behalf of Exchange, an unincorporated association.

## Discussion

A.   The Original Complaint

The dispute in this matter arises from several phrases contained in the original Complaint which, according to Erie Indemnity, clearly reflect that the Complaint "not only 'resembles' a class action - it is a class action." Memo. in Opp'n, at 2.  Specifically, Erie Indemnity points to the following:

• The title page states that the Complaint is "Filed on behalf of: <u>All members</u> of Erie Insurance Exchange by Joseph S. Sullivan and Anita Sullivan, Patricia R. Beltz, and Jenna L. DeBord, trustees ad litem, Plaintiffs;"

---

[2] Pennsylvania Rule of Civil Procedure 1704 provides that a complaint in a class action lawsuit "shall include in its caption the designation 'Class Action, ' " and that "[t]he complaint shall contain under a separate heading, styled 'Class Action Allegations", averments of fact in support of the prerequisites of Rule 1702 and the criteria specified in Rules 1708 and 1709 on which the plaintiff relies."

3

- in paragraphs 1 - 4, the individual trustees ad litem identify themselves as "a member of the unincorporated association" who is "filing this complaint on behalf <u>of all members of the Exchange</u>;" and

- in Counts I (assumpsit) and II (Fiduciary Duty - Self Dealing), the request for damages is sought "<u>on behalf of all members of the Exchange</u>." [3]

Original Complaint (emphasis added).

Further, Erie Indemnity argues that the Pennsylvania Rules expressly preclude the trustees ad litem from bringing claims on behalf of the Exchange.

In initiating this lawsuit, counsel for Exchange relied upon Pennsylvania Rule of Civil Procedure 2152, which provides that "[a]n action prosecuted by an association shall be prosecuted in the name of a member or members thereof as trustees ad litem for an association." Pa. Civ. R. 2152. Rule 2151 defines "association" as "an unincorporated association . . . but . . . not a corporation or similar entity as defined in Rule 2176." Pa. Civ. R. 2152. Rule 2176, in turn, defines a "corporation or similar entity" to include "any . . . insurance association or exchange . . . ." Pa. Civ. R. 2176. Accordingly, it appears that Erie Indemnity is correct and that, under the Pennsylvania Rules, members of an insurance exchange cannot sue on behalf of the exchange as trustees ad litem.

In its Reply Brief, Exchange argues that even if it was incorrect in bringing the suit under Rule 2152, the alternative rule, Rule 2177, requires that an action on behalf of a "corporation or similar entity" be prosecuted in its corporate name.[4] Additionally, Exchange filed an Amended

---

[3] Which is in contrast to Count III (equity) which seeks equitable relief only "on behalf of Exchange."

[4] Rule 2177 specifically provides as follows: "An action shall be prosecuted by or against a corporation or similar entity in its corporate name."

Complaint in an attempt "to make clear that this matter was brought by Exchange, not for an individual member's recovery."  Reply at 3.

B.   The Amended Complaint

Exchange posits that although its original Complaint was not ambiguous, it has amended its Complaint to clarify that this lawsuit is not a class action, but rather a lawsuit brought only on behalf of Exchange, *to wit*:

- The title page states that the Amended Complaint is "Filed on behalf of:  Erie Insurance Exchange by Joseph S. Sullivan and Anita Sullivan, Patricia R. Beltz, and Jenna L. DeBord, Plaintiff;"

- in paragraphs 1 - 4, the individual members identify themselves as "a member of the unincorporated association" who is "filing this complaint . . . on behalf of Exchange;"

- paragraph 8 states that "[t]he Policyholders bring this action as members or trustees ad litem on behalf of Exchange in order to recover sums that were wrongfully appropriated by the defendant, Erie Indemnity Co. . ." ; and

- in Counts  I (assumpsit) and II (Fiduciary Duty - Self Dealing), the request for damages is sought on behalf of Exchange only.

Amended  Complaint (emphasis added).

Erie Indemnity argues that Exchange amended its complaint in a "hope to divest the Court of the obvious federal jurisdiction that attached as a result of their original complaint." Surreply at 2.

In support of its position, Erie Indemnity has cited a plethora of cases in which courts have consistently held that a plaintiff cannot deprive a court of its CAFA jurisdiction by filing an

5

amended complaint that eliminates its <u>previously alleged</u> class claims.  However, each of those cases can be distinguished from the instant lawsuit for the simple reason that this case as originally filed <u>never</u> alleged class claims.   For example, in the vast majority of cases cited by Erie Indemnity, the plaintiffs had filed putative class action lawsuits in state court and then, once removed, dropped the class action claim in an attempt to avoid federal jurisdiction.  *See, e.g., In re Burlington North Santa Fe Railway Company*, 606 F.3d 379 (7th Cir. 2010) (plaintiff property owners brought putative class action in state court and then sought remand after the class action allegations were dropped);  *La ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 423-25 (5th Cir. 2008) (holding that consumer action brought by state as *parents patria* on behalf of state citizens sufficiently resembled class action for CAFA purposes); *Louisiana v. AAA Insurance*, 2011 WL 5118859 (E.D. La. 2011) (plaintiff sought remand after class action allegations were withdrawn).

In *Schillinger v. Union Pacific R. Co*., the United States Court of Appeals for the Seventh Circuit, explained that:

> a district court must consider the reasons behind the amendment in determining whether remand is proper.  If the plaintiff amended simply to destroy diversity, the district court should not remand . . . **But an amendment that is made for legitimate purposes may be a proper ground for a remand to state court**. . . .

*Schillinger*, 425 F.3d 330, 333 (7th Cir. 2005) (emphasis added).

In the instant case, Exchange argues that it amended its complaint in an effort to clarify certain claims and to dispel the notion that it was filing any claims on behalf of a class.   The Court agrees.  The Amended Complaint does not merely state the same facts, it clarifies the nature on which the claims of Exchange against Erie Indemnity are premised and clearly identifies that Exchange is the party on whose behalf the claims are brought.

## Conclusion

For all the above reasons, the Court finds that Exchange amended its complaint for legitimate purposes and that, based on the language of the Amended Complaint, it is clear that this lawsuit is not a class action. Thus, this Court does not have jurisdiction pursuant to the diversity principles of the Class Action Fairness Act and the case will be remanded forthwith to the Court of Common Pleas of Fayette County, Pennsylvania.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE INSURANCE EXCHANGE, an unincorporated association, by JOSEPH S. SULLIVAN and ANITA SULLIVAN, JENNA L. DeBORD, and PATRICIA R. BELTZ, <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>ERIE INDEMNITY COMPANY, <br><br>　　　　Defendant. | ) ) ) ) ) ) ) ) 2: 12-cv-1205 ) ) ) ) ) ) |

## ORDER OF COURT

**AND NOW**, this 5th day of October, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Plaintiff's Petition for Remand is **GRANTED** and this case is hereby **REMANDED FORTHWITH** to the Court of Common Pleas of Fayette County, Pennsylvania.

The Clerk of Court shall docket this case closed.

　　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　s/ Terrence F. McVerry
　　　　　　　　　　　　　　　　　　　　United States District Court Judge

cc: William M. Radcliffe, Esquire
Radcliffe & DeHaas, L.L.P.
Email: wmr@rightlawfirm.com

Ashley J. Burden, Esquire
Dechert LLP
Email: ashley.burden@dechert.com

Ira L. Podheiser, Esquire
Burns White
Email: ilpodheiser@burnswhite.com

Michael L. Kichline, Esquire
Dechert LLP
Email: michael.kichline@dechert.com

Steven B. Feirson, Esquire
Dechert LLP
Email: steven.feirson@dechert.com

Laura E. Caravello, Esquire
Burns White LLC
Email: lpcaravello@burnswhite.com